IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JERALD RIDEAUX | § | |
| VS. | § | CIVIL ACTION NO. 1:25cv214 |
| CHEYENNE CENTER AND STAFF, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Jerald Rideaux, an inmate at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights lawsuit against the Cheyenne Center and staff Pamela Griffith, McKayla Daniels, Cara Myles, V. Lewis, and T. Newton.[1]

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff claims Cheyenne Center staff Pamela Griffith, McKayla Daniels, Cara Myles, V. Lewis, and T. Newton, "blatantly fabricated a sexual harassment termination for no reason while [he] was writing a book." The Cheyenne Center is a residential treatment center located in Houston, Texas.[2] Plaintiff claims defendants Daniels and Lewis both received "documents" of his writings for months without a problem until a harassment complaint was filed against him. Plaintiff

---

[1] Plaintiff's claims against his probation officers and the Kyle Correctional Center were severed from the action by separate order.

[2] *See* https://cheyennecenter.com/

complains that the allegations against him are all lies. Additionally, plaintiff complains that after the defendants made copies of his book he was told he could not get back any of his material.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The incidents which form the basis of plaintiff's complaint occurred in Houston, Harris County, Texas. Further, the defendants all appear to be employed in Houston, Harris County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Harris County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). In accordance with 28 U.S.C. § 124, Harris County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, Houston Division.

As Harris County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case

should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 12th day of May, 2025.

_____
Zack Hawthorn
United States Magistrate Judge